***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At all relevant times, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employment relationship existed between plaintiff-employee and defendant-employer on the date of plaintiff's alleged injury.
3. The AVX Corporation was insured by Liberty Mutual Insurance Company on the date of plaintiff's alleged injury.
4. The date of the alleged injury is February 12, 1998.
5. Plaintiff allegedly suffered injury to her back.
6. At the time of the injury, plaintiff was earning $9.09 per hour or $450 per week (subject to Form 22 verification).
7. Plaintiff is claiming temporary total disability for three months and temporary partial disability for three months. Plaintiff also alleges she has missed the following time out of work: from 2/12/98 to 4/23/98, 6 hours each day; from 4/23/98 to 5/7/98, 4 hours each day; and was out of work for the periods from 5/27/98 to 6/3/98, from 7/29/98 to 8/8/98, from 8/8/98 to 9/24/98, and from 9/24/98 to 9/28/98.
8. Plaintiff also claims that she is entitled to payment of medical bills.
9. Plaintiff went back to work on September 28, 1998 and has worked intermittently since that time.
10. Subsequent to the hearing, the parties provided an additional stipulated record of plaintiff's time missed from work beginning 2/12/98 through 12/15/99.
11. The parties submitted the following stipulated documents:
(a) Medical records;
(b) Medical bills;
(c) Days worked and Form 22;
(d) Recorded statement of Carol Nance;
(e) Recorded statement of Alecia Elaine Nance;
(f) Plaintiff's answers to Defendants' Interrogatories;
 (g) All Industrial Commission forms, including the employer's report of injury.
12. The deposition of Michael James Kushner, M.D. is a part of the evidentiary record in this matter.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing in this matter, plaintiff was fifty-seven (57) years old. Plaintiff began working for defendant-employer in March 1997.
2. On February 12, 1998, plaintiff was going about her normal job duties. Plaintiff had experienced chest pain earlier in the day and had taken some antacids because she thought it was gas. Later, plaintiff experienced a severe onset of pain in her left chest while working.
3. The general foreman, Mr. Penny, came to plaintiff's work area after receiving a report that plaintiff was having problems. Plaintiff told him that she was experiencing chest pain. Plaintiff did not mention any back pain or any particular incident.
4. Plaintiff was seen by Carol Lipps, a plant employee of defendant-employer who is also an EMT. Plaintiff reported that she was having difficulty breathing and sharp chest pains. When asked to show where she was hurting, plaintiff pointed to her left upper quadrant area and said the pain was radiating around her left kidney.
5. Carol Lipps took plaintiff to the medical department at the plant where plaintiff was seen by nurse Lolly Adams. Plaintiff complained of chest pain radiating into her upper back which she thought might be indigestion. Plaintiff denied any specific injury. Because plaintiff's pain did not appear to be work-related, she was sent to Kaiser Permanente for medical treatment.
6. Plaintiff was seen on February 12, 1998 at Kaiser Permanente by Dr. J. Emery. Plaintiff complained that she had experienced sudden severe pain in her upper left chest, in the heart area, radiating into her back. Dr. Emery's note also stated that plaintiff reported experiencing "sudden severe pain" while "at work reaching into a bin."
7. Plaintiff was referred by chiropractor Dr. Kurtz to neurologist Dr. Stephen Kushner. Plaintiff visited Dr. Kushner on June 2, 1998 for treatment for back and leg pain. Dr. Kushner found the nerve conduction studies of plaintiff's legs normal and concluded that her EMG showed no abnormalities. Dr. Kushner provided no opinion causally relating plaintiff's medical condition to her alleged injury by accident. Consequently, there is no medical evidence of record in this case satisfying the need for expert medical testimony on the complex medical causation issue of whether or not plaintiff's specific traumatic incident is related to her back condition.
8. Although plaintiff incurred a specific traumatic incident arising out of and in the course of her employment, the Full Commission finds that there is inadequate medical evidence to prove that plaintiff's back condition is causally related to the February 12, 1998 incident at work.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions removed from the ordinary experience of laymen, only an expert witness can give a competent opinion as to the nature of and the cause of the injury. Young v. HickoryBusiness Furniture, 353 N.C. 227, 538 S.E.2d 912 (2000); Click v. PilotFreight Carriers, Inc., 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980).
2. Plaintiff has failed to prove by the greater weight of the competent evidence that on or about February 12, 1998 she sustained an injury by accident or specific traumatic incident arising out of and in the course of her employment with defendant-employer which caused injury to her back; therefore, plaintiff's claim must be denied. N.C.G.S. § 97-2(6).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own costs, except that defendants shall pay an expert witness fee of $275.00 to Dr. Michael James Kushner if they have not already done so.
This the ___ day of January 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER